IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACY DICKEY                                                          PLAINTIFF

V.                                    NO. 10-5100

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tracy Dickey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.    **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 20,

2007, alleging an inability to work since August 20, 2007, due to a herniated disk, anxiety,

stomach problems, blood pressure, and depression.  (Tr. 116-117, 121).  An administrative

hearing was held on August 25, 2009, at which Plaintiff appeared with counsel and testified.  (Tr.

6-40).

By written decision dated September 22, 2009, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe -

-1-

AO72A
(Rev. 8/82)

anxiety, essential hypertension, back disorder, and obesity.  (Tr. 52).  However, the ALJ also

determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4.  (Tr. 52).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that
> the claimant cannot engage in sustained driving as part of her work and cannot work near
> extreme vibrations; she cannot climb scaffolds, ladders, and ropes and must avoid
> unprotected heights and dangerous equipment; and she can only occasionally climb
> ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance.  Also, the claimant can
> only engage in routine and repetitive jobs that have noncomplex and simple instructions;
> that are learned by rote and involve little judgment and few variables; that have only
> superficial contact with the public and coworkers; and that have concrete, direct, and
> specific supervision.

(Tr. 54).  With the help of a vocational expert (VE), the ALJ determined that Plaintiff could

perform other work, such as lamp shade assembler and addressing clerk.  (Tr. 57).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on April 22, 2010.  (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc.

1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5).  Both

parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8, 11).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports

-2-

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

-3-

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, without the benefit of a Physical RFC Assessment, the ALJ determined that Plaintiff could perform sedentary work[1] with certain limitations.

---

[1]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.1567(a).

AO72A
(Rev. 8/82)

Social Security Regulation 83-10 provides, in pertinent part:

> 1. *Sedentary work.*  The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  By its very nature, work performed primarily in a seated position entails no significant stooping.  Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
> "Occasionally" means occurring from very little up to one-third of the time.  Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.  Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

The record reveals that on April 7, 2005, a MRI of Plaintiff's lumbar spine without contrast resulted in the following impression: "There are degenerative changes at L5/S1 and left paracentral disk herniation.  This does not cause central canal stenosis but disk material does cause minimal mass effect on the descending left S1 nerve root."  (Tr. 374).  In addition to her back problems, Plaintiff suffered from many other ailments, for which she took many medications, including pain medications.

On February 8, 2007, Plaintiff was reported as having chronic right sided pelvic pain, and it was noted that there were still some metal clips there from previous surgeries, which was noted as perhaps contributing to some of her pain.  The record indicates that Lortab controlled the pain, and "that plus her back pain from her previous disc surgery is the reason she has to continue with the pain medication."  (Tr. 178).

In a December 30, 2007 Physical Activities Questionnaire, Plaintiff reported that her whole life was limited because of her back, that she could not stand in one place for very long

-5-

at one time, that she did very little walking, and could not sit for very long. (Tr. 138). She reported that she could stand for 15 minutes, walk about 30 minutes, and sit no longer than one hour. (Tr. 138). Although she was able to do household chores, she had to take several breaks, and they took her longer to complete. (Tr. 141). At that time, she was taking Lortab, Zanaflex and Klonopin. (Tr. 144). In another Daily Activities Questionnaire of the same date, Plaintiff reported that her back was the "main thing keeping me from being able to give my job 100%." (Tr. 148).

On January 5, 2008, a Social Security Disability Consultative Exam was performed by Dr. Stanford A. Williamson. (Tr. 186-189). Plaintiff reported to Dr. Williamson that her pain was located at her low back and that there was numbness and tingling at the left lower extremity, with the tingling extending down to the left foot. (Tr. 186). She stated that her pain was made worse with vacuuming, prolonged standing, sweeping, mopping and with prolonged sitting. (Tr. 186). Dr. Williamson noted that pain behaviors were not demonstrated, and that the musculoskeletal examination revealed full range of motion at the cervical and lumbar spine. (Tr. 188). He noted that facet loading was positive at the lumbar spine, there was midline tenderness at the lumbar spine and paraspinal tenderness and tightness, and that Patrick's test,[2] bilaterally, reproduced low back pain. (Tr. 188). Dr. Williamson's examination of the extremities revealed full active range of motion at the shoulders, elbows, wrists, digits of the hands, hips, knees, ankles, and toes. There was no joint crepitation or edema or tenderness at bilateral upper extremities/lower extremities, and no atrophy, swelling, erythema, or temperature change. (Tr.

---

[2]Patrick Test - (for arthritis of the hip) with the patient supine, the thigh and knee are flexed and the external malleolus is placed over the patella of the opposite leg; the knee is depressed, and if pain is produced, arthritis of the hip is indicated. Dorland's Illustrated Medical Dictionary 1920 (31st ed. 2007).

AO72A
(Rev. 8/82)

188).  He also noted that Plaintiff was able to dress and undress without difficulty.  Dr. Williamson diagnosed Plaintiff with: 1.  Reported lumbar disk disease with chronic low back pain, with possible lumbar radiculitis;[3]  2.  Anxiety disorder.  (Tr. 189).

On October 20, 2008, Plaintiff saw Dr. Mark A. Bonner at FirstCare South, complaining of low back pain.  (Tr. 206).  Dr. Bonner's assessment/plan was:

> HTN: unspec (4019), chronic
> Lumbar Disc Displacement (72210), worse.
> Gastritis, acute w/o hemorrhage (53500), Acute
> Anxiety State unspec - (30000) Sub-optimal control
> Menopause, Surgical - (2562) Sub-optimal control
>      Fibroid tumors of uterus.

(Tr. 207).

On February 24, 2009, Dr. Bonner again saw Plaintiff, who was positive for lower back pain.  He then assessed Plaintiff with disc degeneration: lumbar - severe.  (Tr. 209).  On May 30, 2009, Plaintiff presented herself to Washington Regional Medical Center, complaining of fever, vomiting, diarrhea, and low back pain.  (Tr. 406).  On April 8, 2009, Plaintiff again presented to Washington Regional Medical Center, and stated that she had chronic left back pain which was "all the way across my lower back."  (Tr. 415).

In an undated Disability Report - Appeal, Plaintiff reported that her back had gotten worse so that when she had to put her shoes on, it was hard because it hurt her to bend down and hurt to bring her foot up.  (Tr. 157).  She also reported that she had back spasms so bad some days that she could not get out of bed.  (Tr. 157).  In an undated recent medical treatment form, Plaintiff reported that Dr. Bonner said she had to get some tests run on her back and stomach

----

[3]Radiculitis - Inflammation of the root of a spinal nerve, especially of that portion of the root which lies between the spinal cord and the intervertebral canal.  Id. at 1595.

-7-

again, but that she had no insurance to pay for it.  (Tr. 162).

At the August 25, 2009 hearing, Plaintiff testified that she was never pain free in her back, that it affected her ability to concentrate on what she was doing, and that the pain affected her left leg, which "just goes numb and just gives out on me." (Tr. 24).

As stated earlier, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  In this case, there is no medical evidence which would allow the ALJ to conclude that Plaintiff could lift 10 pounds, stand or walk two hours a day, or sit six hours a day, since no Physical RFC Assessment was obtained.  Accordingly, the Court finds remand necessary so that the ALJ can obtain a Physical RFC Assessment from Plaintiff's treating physician or an examining physician. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 16th day of June, 2011.


*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-8-